UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HOSPITAL CAPITAL PARTNERS, LLC, an Arizona limited liability company, and ILLINOIS INJURY SOLUTIONS, LLC, an Arizona limited liability company, <br><br> Defendants. | No. 23 C 835 <br><br> Judge Sara L. Ellis |

**ORDER**

The Court denies Defendants' motion to dismiss [21]. See Statement.

**STATEMENT**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, the "State Farm Plaintiffs"), Illinois property and casualty insurance companies, evaluate and pay medical claims related to automobile accidents. Their standard insurance policy mandates that they pay only for claims that are legally owed. The State Farm Plaintiffs allege that Hospital Capital Partners, LLC ("HCP") and Illinois Injury Solutions, LLC ("IIS"),[1] Arizona non-providers, appear to operate as medical receivable funding companies that purchase accounts receivable from healthcare providers and take assignment of associated health care liens. The receivables and associated liens derive from services that health care providers perform for patients who themselves have claims against the State Farm Plaintiffs' insureds arising from automobile accidents.

The State Farm Plaintiffs have received letters from Defendants titled "Notice of Lien for Medical Services" ("Lien Letters") and "Medical Provider's Directive Letters" ("Directive

---

[1] In their response brief, the State Farm Plaintiffs contend that because Defendants only mention HCP and not IIS in propounding their arguments, Defendants concede that their arguments pertain only to HCP. Although Defendants do focus on HCP specifically in making their arguments, they refer to themselves as "Defendants" throughout their brief and have defined that to include both HCP and IIS. Accordingly, the Court considers Defendants' arguments on behalf of both HCP and IIS.

Letters").[2] The Lien Letters provide notice of the health care providers' liens for medical services rendered to the State Farm Plaintiffs' insureds and the Directive Letters request payment for those medical services. In these letters, which Defendants send "on behalf of" medical providers, *see, e.g.*, Doc. 1-1 at 3, Defendants characterize themselves as the "management compan[ies]" for various medical providers, responsible for "manag[ing], monitor[ing], and settl[ing] . . . [m]edical [p]rovider's collection rights," *see, e.g.*, Doc. 1-2 at 2, 4. Defendants require that "[a]ll communications, negotiations, and payments . . . be accepted and delivered to [Defendants'] office[s]" and state that checks should be made payable to Defendants; that "account[s] will not be considered satisfied . . . [i]f payment is not made to [Defendants];" and that "[p]rior to settlement," the State Farm Plaintiffs should confirm with Defendants that "the client did not receive any additional care that was funded by and through [Defendant]." Doc. 1 ¶ 42. Defendants also filed UCC-1 Financing Statements, describing their covered collateral to include the health care providers' "rights, title, and interest in patient account receivables together with all statutory and/or contractual liens, letters of protection related to or associated with such account receivables that have been sold, assigned or otherwise transferred or conveyed pursuant to any agreement, contract, or instrument between [the health care provider and Defendants]." Doc. 1-3 at 2.

Seeking clarity on their obligations in light of the Illinois Health Care Services Lien Act (the "Lien Act"), 770 Ill. Comp. Stat. 23/1 *et seq.*, which limits lien payments to health care professionals and providers, the State Farm Plaintiffs contacted a specific Illinois health care provider from which HCP allegedly purchased accounts receivable to inquire about whether the health care providers in fact sold its receivables. HCP's counsel, and not the health care provider, responded that HCP "does not take any assignment of health care liens, accounts, or personal injury claims." Doc. 1-6 at 2. In light of conflicting evidence regarding whether Defendants in fact purchased the accounts receivable and took assignment of associated liens, the State Farm Plaintiffs filed this declaratory judgment action. If Defendants did take assignment, the State Farm Plaintiffs contend that the Lien Act, in conjunction with their policy providing for only lawful compensation, extinguishes the State Farm Plaintiffs' obligation to pay. In contrast, if Defendants did not purchase or take on assignment of accounts receivable, then the State Farm Plaintiffs must fulfill their obligations under their insurance policy (assuming the bills satisfy other applicable policy criteria). Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the State Farm Plaintiffs failed to sufficiently allege an actual controversy.

The Lien Act provides that "[e]very health care professional and health care provider that renders any service in the treatment, care, or maintenance of an injured person . . . shall have a lien upon all claims and causes of action of the injured person for the amount of the health care professional's or health care provider's reasonable charges." 770 Ill. Comp. Stat. 23/10(a). Section 23/10(e) instructs that "payments under the liens shall be made directly to the health care

---

[2] In their motion to dismiss, Defendants assert that they never directly sent letters to the State Farm Plaintiffs. But the State Farm Plaintiffs allege that Defendants submitted Lien Letters and Directive Letters to the State Farm Plaintiffs, and at this stage, with no evidence to the contrary other than Defendants' say so, the Court accepts these allegations as true. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (Rule 12(b)(6)); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)).

professionals and health care providers." The State Farm Plaintiffs contend that the Lien Act prohibits the assignment of medical liens to non-health care providers or professionals. *See Constantinou v. Glob. Fin. Credit, LLC*, 2021 IL App (1st) 192325, ¶ 30 (assuming that the Lien Act prohibits the assignment of medical liens); *see also Wilson v. F.B. McAfoos & Co.*, 344 Ill. App. 3d 452, 455–456 (2003) (finding that a lien cannot be assigned to a non-professional, non-provider under a precursor to the Lien Act because such liens are "limited in operation and extent by terms of the statute" and the statute did not "intend[] for a physician's lien to be assignable"). Defendants do not explicitly contest the State Farm Plaintiffs' interpretation of the Lien Act. Instead, they urge the Court to dismiss the State Farm Plaintiffs' complaint primarily on the ground that they failed to sufficiently allege a case or controversy or ripeness as required for jurisdiction and to state a claim for declaratory relief because Defendants did not purchase the accounts receivable or take assignment of the associated liens.[3] But whether Defendants did or did not take assignment of medical liens constitutes a question of fact not resolvable on this motion to dismiss. The Court instead considers only whether the State Farm Plaintiffs have adequately alleged an actual controversy, as required by the DJA.

The Court finds that they have. First, as the State Farm Plaintiffs argue, Defendants' "Directive" Letters effectively constitute demand letters sufficient to trigger a payment obligation and an actual controversy. *See Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, No. 89 C 6618, 1990 WL 36244, at *3 (N.D. Ill. Mar. 6, 1990) (in the insurance context, an actual controversy exists once "the insurance company is called upon to either pay or defend a claim" (citing *Gibraltar Ins. Co. v. Varkalis*, 46 Ill. 2d 481, 485 (1970)) (internal quotation marks omitted)), *aff'd*, 938 F.2d 81 (7th Cir. 1991); *see also Nautilus Ins. Co. v. Dubin & Assocs., Inc.*, No. 11 C 1251, 2011 WL 3664997 (N.D. Ill. Aug. 19, 2011) ("[T]he duty to defend does not result in a case or controversy unless and until an insured either makes a demand for defense under an insurance policy or threatens to make such a demand." (citation omitted) (internal quotation marks omitted)); *Northland Ins. Co. v. Crane*, No. 02 C 7388, 2006 WL 305877 at *3 (same). The Directive Letters state, for example, that "[a]ll checks are to be made payable to [HCP]," Doc. 1-2 at 4, and "IF PAYMENT IS NOT MADE TO [IIS], THE ACCOUNT WILL NOT BE CONSIDERED SATISFIED," Doc. 1-2 at 3; Doc. 1-5 at 3. Defendants do not appear to contest that the Directive Letters trigger demands on the State Farm Plaintiffs—in fact, they seemingly concede that the State Farm Plaintiffs have some obligations. *See* Doc. 30 at 3 ("Plaintiffs don't want to fulfill their monetary obligations. That is not a controversy."); *id.* at 4 ("[T]he insurer hopes to avoid its obligation by extinguishing a loan.").

---

[3] The Court considers Defendants' Rule 12(b)(6) and Rule12(b)(1) challenges together because whether a plaintiff establishes ripeness sufficient for Article III standing or an "actual controversy" sufficient to state a claim under the Declaratory Judgment Act ("DJA") involves the same analysis. *See Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (Article III's limit of federal jurisdiction to "cases" and "controversies" is coextensive with the DJA's requirement that there be "a case of actual controversy"); *Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009–10 (N.D. Ill. 2007) (explaining that the DJA's "actual controversy requirement is equivalent to Article III's case-or-controversy requirement and thus incorporates Article III doctrines of ripeness and standing" (citations omitted) (internal quotation marks omitted)). The DJA provides that, in a case of actual controversy, a court "may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The DJA accords federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Haze v. Kubicek*, 880 F.3d 946, 951 (7th Cir. 2018) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007)).

Instead, Defendants attempt to distinguish the aforementioned cases on the ground that they "determine an insurer's obligation to indemnify an insured," and not "an insurer's ability to extinguish a medical lien based upon the self-constructed hope that the lien has been sold." *Id.* at 4. But Defendants' argument misses the mark; as explained above, the relevant inquiry at this stage is not whether Defendants or others may collect on medical liens, but only whether the State Farm Plaintiffs have adequately pleaded an actual controversy.[4] *See Cincinnati Ins. Co. v. Berkshire Refrigerated Warehousing, LLC*, 149 F. Supp. 3d 867, 871–72 (N.D. Ill. 2015) (in considering a motion to dismiss a complaint seeking declaratory relief, "the question before the Court is the sufficiency of the allegations when drawing inferences in favor of the non-moving party and not whether the non-moving party will in fact succeed in her cause of action").

Second, the State Farm Plaintiffs have sufficiently pleaded facts that indicate that Defendants might have taken assignment of the liens. For example, the Directive Letters require payments to, discussions with, and resolutions from Defendants at the exclusion of the original health care providers. As discussed above, they also demand direct payment. At least one Directive Letter suggests that additional patient care might have been "FUNDED BY AND THROUGH [IIS]." Doc. 1-2 at 2. Moreover, Defendants' UCC-1 filing statement expressly covers a sale, assignment, transfer, or conveyance of the accounts receivable. Defendants point to other facts that suggest that they merely managed the liens, rather than took assignment of them—for example, that they sent notices "on behalf of" medical providers, *see, e.g.*, Doc. 21 at 8; that they "manage, monitor, and settle" medical claims, *id.* at 4; and that they explained to the State Farm Plaintiffs that HCP "merely manages the account on behalf of the provider [and] does not take any assignment of health care liens," *id.*—but however plausible Defendants' interpretation, the Court cannot take Defendants' assertions as true for purposes of resolving their motion to dismiss. Instead, the Court draws "all reasonable inferences" in the State Farm Plaintiffs' favor and finds that the State Farm Plaintiffs have sufficiently pleaded an actual controversy ripe for judicial review. *See Constantinou*, 2021 IL App (1st) 192325, ¶ 35 ("It is possible that documents relating to defendants' transaction will show that [non-provider] MedChex did not purchase the debt" but "at this stage Ms. Constantinou is entitled to all reasonable inferences arising from her allegations").

Nonetheless, Defendants repeatedly caution the Court against extinguishing the State Farm Plaintiffs' financial obligations "on mere speculation" that Defendants have purchased the liens. Doc. 21 at 4; *see also, e.g., id.* at 6 ("Plaintiffs hope that their mere speculation will be enough for this Court to declare the liens owned by a nonparty to this suit are invalid and their

---

[4] In their reply brief, Defendants also expand on an undeveloped argument from their motion to dismiss whereby they contend that the State Farm Plaintiffs lack interest in the contracts between Defendants and the various health care providers, and that they therefore lack standing to bring this suit. The Court does not find relevant the State Farm Plaintiffs' status as nonparties to Defendants' contracts with medical providers. In support of their argument, Defendants again rely on their assertions that they do not own the at-issue liens, and so the Court's decision would act to extinguish liens owned by health care providers. The Court reiterates that its ruling expresses no opinion on the ultimate enforceability or propriety of the liens, and as explained above, finds that the State Farm Plaintiffs have sufficiently alleged the Court's subject matter jurisdiction over their claim. Moreover, Defendants' own assertions that the State Farm Plaintiffs aim to avoid their "monetary obligations" belie their argument, as they suggest that some obligation on the part of the State Farm Plaintiffs has arisen. Doc. 30 at 3.

obligations are therefore voided."); *id.* at 9 ("Plaintiff has failed to name the actual owners of the liens in their Complaint and asks the Court to extinguish the liens anyway."). To be clear: the Court has not extinguished any liens, nor does it offer an opinion on the validity of the liens—that exercise would involve a merits decision that the Court does not engage in today. *See Cincinnati Ins. Co.*, 149 F. Supp. 3d at 873 ("[W]here a party seeks to dismiss under Rule 12(b)(6) an insurer's complaint seeking a declaration that it has no duty to defend, the Court reads the complaint in favor of the non-moving party—the insurer—and then decides if on its face, it plausibly states a claim for relief. It is therefore premature to consider at this stage to analyze whether to grant [the insurer's] declaratory judgment or to determine if [the insurer] has a duty to defend . . . in the underlying action because those are questions of merit. Instead, the Court's task is to measure the sufficiency of the Complaint."); *Schwebe v. AGC Flat Glass N. Am., Inc.*, No. 12 C 9873, 2013 WL 2151551, at *6 (N.D. Ill. May 16, 2013) ("The Court declines to rule on the issue of enforceability at this stage in the litigation . . . . [T]hough [the defendant] goes to great lengths to support its position that the warranties are enforceable, these arguments go to the merits of the case, not the sufficiency of the complaint."); *Coburn Grp., LLC v. Whitecap Advisors, LLC*, No. 07 C 2448, 2007 WL 2948367, at *6 (N.D. Ill. Oct. 3, 2007) ("When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint; it does not decide whether the plaintiff has a winning claim." (citations omitted)). The Court finds only that the State Farm Plaintiffs have sufficiently pleaded a case of actual controversy sufficient to state a claim for declaratory relief.

For the foregoing reasons, the Court denies Defendants' motion to dismiss [21].

Date: November 29, 2023                                          /s/__Sara L. Ellis_____